USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  12/16/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTSY LABS LLC;
ZURU INC.,

                Plaintiffs,

-against-

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,

                Defendants.

1:21-cv-09899-MKV

ORDER DENYING WITHOUT PREJUDICE MOTION FOR PRELIMINARY INJUNCTION

MARY KAY VYSKOCIL, United States District Judge:

        This Order memorializes the Court's ruling at the December 15, 2021 preliminary injunction hearing on this matter. For the reasons stated on the record and for the following reason, the Court denies without prejudice Plaintiffs' preliminary injunction motion.

## BACKGROUND

        On November 24, 2021, Plaintiffs moved this Court *ex parte* for a preliminary injunction and sought a restraining order to temporarily bar Defendants (all merchants on online marketplace platforms, including Amazon, eBay, Joom, PayPal, and Wish) from selling products that allegedly infringe on Plaintiffs' FIDGET CUBE copyright. (Pl. Memorandum of Law in Support of Ex Parte Application for Entry of an Order to Show Cause ("Pl. Br.") [ECF No. 6]). On November 24, 2021 at 12:30 PM, this Court issued a temporary restraining order and an Order to Show Cause with respect to the preliminary injunction motion. [ECF No. 13]. That Order (1) temporarily restrained Defendants from infringing on Plaintiffs' trademarks and copyrights; (2) directed the online marketplace platforms to disable and cease providing services

to any user accounts through which Defendants sell the allegedly counterfeit products; (3) temporarily restrained the assets of the Defendant user accounts; (4) authorized expedited discovery of the online marketplaces with respect to information on the Defendant user accounts; (5) authorized alternative service via email; and (6) provided that Plaintiff shall deposit a security bond of $5,000. [ECF No. 13]. The Order also scheduled a hearing on Plaintiffs' motion for a preliminary injunction for December 8, 2021. [ECF No. 13].

On December 5, 2021, Plaintiffs requested a seven-day adjournment of the preliminary injunction hearing and an extension of the restraining order until the new hearing date. [ECF No. 16]. The Court held the December 8, 2021 hearing on Plaintiffs' motion to continue the hearing and extend the restraining order. At that hearing, Plaintiffs advised the Court that they had only been able to effectuate service the day before the hearing. As such, the Court found "good cause" under Rule 65(b)(2) to extend the temporary restraining order for a short period of time so that Defendants could be afforded more time to respond to Plaintiffs' Motion for a Preliminary Injunction prior to the hearing. [ECF No. 18]. The Court adjourned the hearing on Plaintiffs' motion for a preliminary injunction to December 15, 2021. [ECF No. 18].

The Court held the December 15, 2021 hearing at which no defendant appeared. During the hearing, the Court raised the issue of whether Plaintiffs had adequately alleged or demonstrated that personal jurisdiction existed. In an attempt to establish that Defendants were subject to personal jurisdiction in this Court, Plaintiffs provide screenshots of checkout pages for each Defendant Internet Store as well as a confirmation of an order from each site. (Dysdale Decl. Ex 2 [ECF No. 12]). Plaintiffs also represented that those orders were placed by buyers "working on behalf of Plaintiffs."

## **DISCUSSION**

To obtain preliminary injunction relief, a plaintiff must show (1) "a likelihood of success on the merits," (2) "that [the plaintiff] is likely to suffer irreparable injury in the absence of an injunction," (3) that "the balance of hardships tips in the plaintiff's favor," and (4) "that the public interest would not be disserved by the issuance of [the] injunction." *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010) (internal quotation marks omitted).  Plaintiff ultimately may well be able to satisfy these elements.  However, due process requires that before the Court issues injunctive relief against a defendant, the Court must have personal jurisdiction over that defendant.  *See CleanSpark, Inc. v. Discover Growth Fund, LLC*, 485 F. Supp. 3d 494, 500 (S.D.N.Y. 2020) ("A district court is 'powerless to proceed' on a motion for preliminary injunction 'in the absence of personal jurisdiction.'" (quoting *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 611 (S.D.N.Y. 2016)).

On the present record, Plaintiffs have not established sufficient evidence for the Court to find that the Defendants are subject to personal jurisdiction in New York.  Specific jurisdiction requires that a defendant "purposefully avail[] itself of the privilege of conducting activities within the forum State."  *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011).  Evaluating personal jurisdiction first involves an analysis of whether the law of the forum state, here, New York's long-arm statute, N.Y. C.P.L.R. § 302, subjects the individual to personal jurisdiction.  *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002).

Plaintiffs point to two provisions of the New York long arm statute that they say subjects Defendants to jurisdiction here.  First, Plaintiffs claim that Defendants have "transacted business" in New York, which subjects them to personal jurisdiction for claims related to that

business.  *See* N.Y. C.P.L.R. § 302(a)(1).  Second, Plaintiff claims that Defendants' infringement activity is a "tortious act without the state causing injury to person or property within the state." N.Y. C.P.L.R. § 302(a)(3).  Neither of Plaintiffs' arguments are availing.

A. **Transaction of Business**

N.Y. C.P.L.R. § 302(a)(1) provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent transacts any business within the state or contracts anywhere to supply goods or services in the state."  *Am. Girl, LLC v. Zembrka*, No. 1:21-CV-02372 (MKV), 2021 WL 1699928, at *4 (S.D.N.Y. Apr. 28, 2021) (quoting N.Y. C.P.L.R. § 302(a)(1)).  Plaintiffs represented at the December 15, 2021 hearing that they and persons working on their behalf had ordered products from each Defendant and that their proffered evidence reflects the shipment of products to New York.  However, "Courts in this District and elsewhere have expressed 'hostility towards finding jurisdiction under such potentially manufactured circumstances.'"  *Buccellati Holding Italia*, 935 F. Supp. 2d at 623 (quoting Unique Indus., Inc. v. Sui & Sons Int'l Trading Corp., No. 05 Civ. 2744(KMK), 2007 WL 3378256, at *5 (S.D.N.Y. Nov. 9, 2007).  Specifically, it is not reasonable to conclude that Defendants purposefully availed themselves of transacting business in New York under such circumstances.  *See Brownstone Inv. Grp. LLC v. Bonner & Partners, LLC*, No. 20-CV-7351 (AJN), 2021 WL 3423253, at *3 (S.D.N.Y. Aug. 5, 2021) (no jurisdiction where "the only actual transaction Plaintiff alleges is that of its paralegal") (Nathan, J.); *Richtone Design Grp., LLC v. Live Art, Inc.*, No. 12 CIV. 7652 JFK, 2013 WL 5904975, at *4 (S.D.N.Y. Nov. 4, 2013) ("[M]ost New York courts have held that a defendant's activities are not purposeful where the plaintiff initiated the single sale in a jurisdiction."); *Elbex Video Kabushiki Kaisha v. Taiwan Regular Elec. Co.*, No. 93 Civ. 6160(KMW), 1995 WL 224774, at *2 (S.D.N.Y. Apr. 14, 1995)

(finding no personal jurisdiction where plaintiff arranged for former employee to make purchase from defendant for purpose of creating jurisdiction).

While this issue has never been decided by the Circuit, in *Chloe v. Queen Bee of Beverly Hills, LLC*, the Second Circuit noted in dicta that a "single act of shipping a counterfeit Chloé bag might well be sufficient, by itself, to subject [a defendant] to the jurisdiction of a New York court under section 302(a)(1)." 616 F.3d 158, 170 (2d Cir. 2010). However, the Court did not decide that issue because the Court concluded that the defendant in that case had engaged in activity beyond the single sale to Plaintiff. *Id.* (concluding that defendant also "operated a highly interactive website offering such bags for sale to New York consumers . . . and engaged in fifty-two other transactions where merchandise was shipped to New York"). While *Chloe* held that that was enough to demonstrate purposeful availment in that case, Plaintiffs here allege only a single purchase by Plaintiffs' themselves of each Defendant's product. (*See* Pl. Br. at 10–11; Exhibit 2 to Drysdale Decl. [ECF No. 11]).

Moreover, "courts have concluded that in cases where . . . plaintiffs' causes of action are founded on notions of consumer confusion," it is "improper to rely on a transaction—for jurisdictional purposes—in which the purchaser obviously was not confused as to the source of the merchandise." *Brownstone Inv. Grp.*, 2021 WL 3423253, at *3 (citation omitted) (Nathan, J.). As such, on the record before it, the Court cannot find that Plaintiffs have satisfied N.Y. C.P.L.R. § 302(a)(1).

### B. Tortious Conduct

Plaintiffs alternatively base jurisdiction in this case on Defendants' alleged tortious conduct. The New York long-arm statute provides that

> a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . commits a tortious act without the state causing injury to person or property

5

> within the state, . . . if he . . . [either] regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y. C.P.L.R. § 302(a)(3).

Accepting Plaintiffs' allegations as true, Plaintiffs cannot establish that Defendants' infringement caused injury in New York so as to subject the defendants to personal jurisdiction under this prong of the New York long-arm statute. The New York Court of Appeals has held that the situs of an injury based on copyright infringement occurring over the internet is "the location of the copyright holder." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 16 N.Y.3d 295, 302, 946 N.E.2d 159, 162 (2011); *see also Am. Girl*, 2021 WL 1699928, at *7. Under this controlling law, Plaintiffs fail to allege that Defendants' purported infringement would cause injury in New York. (*See* Complaint ("Compl.") [ECF No. 1] ¶ 7 ("Plaintiff Antsy Labs, LLC is a limited liability company organized under the laws of Colorado with offices in Boulder, Colorado");[1] ¶ 8 ("Plaintiff, ZURU Inc. is a corporation incorporated under the law of the British Virgin Islands and a Hong Kong registered company with offices in Kowloon, Hong Kong").

Moreover, Plaintiffs have failed to allege injury in New York under traditional tort principles applicable to the New York long-arm statute. "Generally, the situs of a commercial tort injury is 'the place plaintiff lost business.'" *Am. Girl*, 2021 WL 1699928, at *8 (quoting *Penguin Grp.*, 16 N.Y.3d at 305). "To establish loss of business, the plaintiff needs to identify customers who were confused or potentially confused by the infringement." *Id.* However,

---

[1] Although "[a] limited liability company is a citizen of every state of which any of its members is a citizen," *Krause v. Forex Exch. Mkt., Inc.*, 356 F. Supp. 2d 332, 336 (S.D.N.Y. 2005), Plaintiff does not allege in the Complaint that any member of Antsy Labs, LLC is a citizen in this district (*See* Compl. ¶ 7).

Plaintiffs have failed to offer any allegations of any New York customers who were confused by the alleged counterfeits or who purchased them.

## CONCLUSION

As described above, Plaintiffs have not established either that Defendants transact business in New York or that jurisdiction over them is appropriate based on a New York injury resulting from their tortious conduct. As such, the Court cannot enter injunctive relief against Defendants. Accordingly, Plaintiffs' Motion for a Preliminary Injunction is DENIED without prejudice.

**SO ORDERED.**

**Date:  December 16, 2021**
**New York, NY**

*/s/ Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**